K. Clark Whitney – 033142005
Katheryn Eisenmann – 027142011
**OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800
(215) 995-2801 (Fax)
Attorneys for Defendant
Ardagh Glass Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHANIECE MORRIS,** | ) |
| **Plaintiff,** | ) ) ) ) Civil Action No. _____ |
| v. | ) ) |
| **ARDAGH GLASS PACKAGING, INC. SAUNDRA CHILDERS, AND JOHN DOES 1-10,** | ) ) ) ) |
| **Defendants.** | ) |

**DEFENDANT ARDAGH GLASS INC.'S NOTICE OF REMOVAL**
**PURSUANT TO 28 U.S.C. SECTION 1446(a)**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF NEW JERSEY:

AND NOW COMES Defendant Ardagh Glass Inc.[1] ("Defendant"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removes the

---

[1] The named Defendant, Ardagh Glass Packaging, Inc., is not an active entity. At all times relevant to Plaintiff's Complaint, Ardagh Glass Inc. employed Shaniece Morris and is therefore the proper Defendant in this matter.

above-captioned action from the Superior Court of New Jersey, Cumberland County – Law Division to the District Court, based on the following grounds:

1. Plaintiff Shaniece Morris ("Plaintiff") filed the Complaint in this action in the Superior Court of New Jersey, Cumberland County – Law Division, Civil Action CUM-L-491-20 on July 31, 2020 ("the Complaint"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Defendant Ardagh Glass Inc. was served with a copy of the Summons and Complaint on August 20, 2020. See Proof of Service attached hereto as **Exhibit B**.

3. The Complaint names as Defendants Ardagh Glass Packaging, Inc., Saundra Childers, and John Does 1-10. See Complaint, **Exhibit A**.

4. Ardagh Glass Packaging, Inc., is not an active entity and did not employ Plaintiff. Ardagh Glass is the former employer of Plaintiff. See Declaration of Lindsay Traum at ¶4, a copy of which is attached hereto as **Exhibit C**, (referred to herein as "Traum Declaration"). Therefore, the proper Defendant in this action is Ardagh Glass, Inc.

5. Plaintiff is a resident and citizen of the State of New Jersey. See Complaint, **Exhibit A** at ¶1.

6. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of (i) the state by which it has been incorporated, and (ii) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Goralski v. Shared Technologies, Inc., No. 09-2461, 2009 WL 2460752, at *3 (D.N.J. Aug. 7, 2009).

7. Ardagh Glass Inc., is a citizen of the State of Delaware because it is incorporated in the State of Delaware and is a citizen of the State of Indiana because its headquarters/principal place of business is located in Indianapolis, Indiana. See Traum Declaration at ¶¶ 2-3.

8.     Upon information and belief, Defendant Saundra Childers is a citizen of the State of Georgia. *Id.* at ¶¶ 6-8.

9.     John Does should be disregarded for the purposes of determining jurisdiction. 28 U.S.C. § 1441(b)(1).

10.    As of the date Plaintiff filed the Complaint, and as of the date of the filing of this Notice of Removal, complete diversity of citizenship between the parties exists.  See 28 U.S.C. § 1332.

11.    Although the Complaint does not specifically quantify Plaintiff's alleged damages, Plaintiff asserts claims for alleged violations of the New Jersey law Against Discrimination, § 10:5-1 et seq. ("LAD").  In Plaintiff's prayer for relief with respect to the counts asserted in the Complaint, Plaintiff seeks compensatory damages, financial damages, consequential damages, emotional distress, punitive damages, attorneys' fees, enhancements, and interest and costs of suit.  See **Exhibit A**.  On the basis of those allegations and upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

12.    Plaintiff's claim for punitive damages is a factor in calculating whether the amount in controversy exceeds $75,000. Quinones-Velazquez v. Maroulis, 677 F. App'x 801, 804 (3d Cir. 2017), as amended (Feb. 8, 2017) (citing Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing Bell v. Preferred Life Assur. Soc'y, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

13.    In addition, Plaintiff seeks attorneys' fees.  Under the LAD, a successful plaintiff is also entitled to recover reasonable attorneys' fees, which should be considered when

calculating the potential amount in controversy. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997); See Uddin v. Sears, Roebuck & Co., 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 618 (D.N.J. 2001) (attorneys' fees are included in the amount in controversy calculations when they are available under a statute).

14. Based on the foregoing, this Court has diversity jurisdiction over this action because, on the date that the Complaint was filed, and as of the date this Notice is filed, there exists complete diversity of citizenship between Plaintiff and Defendants and the matter in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332.

15. This case meets the requirements for removal to this Court under 28 U.S.C. § l441(a) because this civil action is one in which the district courts of the United States have original jurisdiction, and this Court is the district court embracing the place where the state court action was pending.

16. Pursuant to 28 U.S.C. § 1446(a), Defendant Ardagh Glass Inc. is entitled to remove the above action from the Superior Court of New Jersey, Cumberland County – Law Division to the United States District Court for the District of New Jersey.

17. In accordance with 28 U.S.C. § 1446(b), this Notice has been filed within 30 days of service of the Complaint on Defendant.

18. Defendant has attached hereto as **Exhibits A & B** copies of all process and pleadings served upon it in the state action.

19. Defendant will promptly file a Notice of the Notice of Removal with the Superior Court of New Jersey, Cumberland County – Law Division and will serve Plaintiff's counsel with same.  A true and correct copy of the Notice of Filing a Notice of Removal is attached hereto as **Exhibit D**.

20. The filing fee and an executed civil information sheet accompany this Notice.

**WHEREFORE**, Defendant Ardagh Glass Inc. requests that the above action now pending in the Superior Court of New Jersey, Cumberland County – Law Division, Civil Action CUM-L-491-20, be removed to and filed with this Court.

>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>Attorneys for Defendant
>ARDAGH GLASS INC.
>
>By: */s/ Katheryn Eisenmann*
>      Katheryn Eisenmann

### RULE 4:5-1 CERTIFICATION

I hereby certify that the foregoing controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no other action or arbitration proceeding is contemplated. I further certify that I am not aware of any other non-parties who should be joined in this action.

>By: */s/ Katheryn Eisenmann*
>      Katheryn Eisenmann

Dated: September 18, 2020

### CERTIFICATE OF SERVICE

(**via Overnight Mail**)

I hereby certify that the foregoing document was filed with this Court, and served via overnight mail upon:

> Adam L. Schorr, Esq.
> Schorr & Associates, P.C.
> 5 Split Rock Drive
> Cherry Hill, New Jersey 08003

Dated on this 18th day of September, 2020.

By: */s/ Katheryn Eisenmann*
Katheryn Eisenmann

44259786.2