EXHIBIT A

Adam L. Schorr, Esquire
SCHORR & ASSOCIATES, P.C.
5 Split Rock Drive
Cherry Hill, New Jersey 08003
Phone: (856) 874-9090
Fax: (856) 874-9080
*Attorneys for the Plaintiff*

| | |
|---|---|
| SHANIECE MORRIS<br><br>                    Plaintiff,<br><br>v.<br><br>ARDAGH GLASS PACKAGING, INC;<br>SAUNDRA CHILDERS; and JOHN DOES 1<br>-10 (fictitious names of entities and/or<br>individuals whose identities are presently<br>unknown), individually, jointly, severally<br>and/or in the alternative,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW       DIVISION:       CUMBERLAND<br>COUNTY<br><br>DOCKET NO.: CUM-L-491-20<br><br><br>**CIVIL ACTION**<br><br><br>**SUMMONS TO DEFENDANT ARDAGH**<br>**GLASS PACKAGING, INC** |

THE STATE OF NEW JERSEY TO:       **ARDAGH GLASS PACKAGING, INC.**

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If

1

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATE:   August 13, 2020            /s/  *Michelle M. Smith*　　　　　　　
                                   Michelle M. Smith
                                   Clerk, Superior Court


*Name of Defendant to Be Served:*      **ARDAGH GLASS PACKAGING, INC.**


*Address of Defendant to Be Served:*

c/o Peter Leone, Registered Agent
443 South East Avenue
PO Box 400
Bridgeton, New Jersey 08302

2

CUM-L-000491-20   07/31/2020 3:07:59 PM  Pg 1 of 11 Trans ID: LCV20201329880

**Adam L. Schorr, Esquire**
Attorney No. 125622014
**SCHORR & ASSOCIATES, P.C.**
5 Split Rock Drive
Cherry Hill, New Jersey
Phone: 856.874.9090
Facsimile 856.874.9080
*Attorneys for the Plaintiff*

| | |
|---|---|
| SHANIECE MORRIS<br><br>                      Plaintiff,<br><br>v.<br><br>ARDAGH GLASS PACKAGING, INC;<br>SAUNDRA CHILDERS; and JOHN DOES 1<br>-10 (fictitious names of entities and/or<br>individuals whose identities are presently<br>unknown), individually, jointly, severally<br>and/or in the alternative,<br><br>                      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CUMBERLAND<br>COUNTY<br><br>DOCKET NO.: CUM-L-<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Shaniece Morris, by and through her attorneys alleges as follows:

### THE PARTIES

1.  Plaintiff is an individual residing in Bridgeton, Cumberland County, New Jersey.

2.  Defendant ARDAGH GLASS PACKAGING, INC. is a domestic for-profit corporation

    located in Bridgeton, Cumberland County, New Jersey primarily involved in producing

    packaging for glass products.

3.  At all times herein, Defendant SAUNDRA CHILDERS worked for Defendant and was

    empowered to control Plaintiff's workplace.

4.  At all relevant times herein, Plaintiff worked at Defendant Ardagh's Bridgeton location.

1

## COUNT ONE
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12, et seq. – DISCRIMINATION, HARASSMENT, AND HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEXUAL ORIENTATION

5.     Plaintiff repeats, reiterates, and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

6.     Plaintiff began working for Defendant Ardagh on or about August 13, 2018 as a Machine Operator.

7.     Plaintiff is lesbian and suffered a hostile work environment and discrimination on the basis of her sexual orientation. Plaintiff was the only homosexual in her department.

8.     Plaintiff underwent three weeks of training when she was first hired.

9.     At all times thereafter, Plaintiff's direct supervisor was Defendant Childers.

10.    Shortly after starting to work under Defendant Childers, Defendant Childers asked Plaintiff if she was gay. Plaintiff responded in the affirmative. Defendant Childers immediately responded that her own daughter was gay and that she hated it.

11.    From that point on, Defendant Childers would routinely make obscene and inappropriate comments to or about Plaintiff. This included, but was not limited to, telling Plaintiff:

a. She was too beautiful to be a lesbian;

b. Her breasts were too big to be a lesbian;

c. Her butt is too flat to be a lesbian;

d. A male could get her to switch [sexual orientation]

e. Defendant Childers disowned her own daughter for being lesbian.

12.    Defendant Childers also followed Plaintiff, including but not limited to, following Plaintiff when she would use the restroom.

2

13.   On or about September 22, 2018, Plaintiff complained to Matt Forand, Finish Product Manager, and Lindsay Traum, Human Resources Manager about the discriminatory harassment from Defendant Childers.

14.   During that meeting, Plaintiff requested to be moved to a different team within Defendant Ardagh's plant. Plaintiff was advised that Defendant Childers would be on leave for two weeks and they would see if the problems persisted.

15.   Defendant Childers was replaced for the two weeks. Plaintiff did not have any further issues and was not harassed while Defendant Childers was away.

16.   Immediately after Defendant Childers returned, she began harassing Plaintiff again.

17.   Upon information and belief, Defendant Childers was falsely accusing Plaintiff of work performance issues and escalating these fabricated issues to management.

18.   In October 2018, Plaintiff once again complained to Mr. Forand and Ms. Traum that Defendant Childers was discriminating against and harassing her and once again asked to be moved to a different team.

19.   In this meeting, Plaintiff was told she needed to either accept the harassment or find a new job. Defendant Ardagh refused to move Plaintiff to a different team.

20.   Defendant Ardagh and its agents did not take any steps to stop the discrimination and harassment.

21.   Ultimately, Defendant Childers orchestrated the unlawful, discriminatory, and retaliatory termination of the plaintiff as set forth below in more detail.

22.   The conduct complained of above by Plaintiff was severe and pervasive enough to make a reasonable person believe that the terms and conditions of their employment were altered, and that the working environment was hostile and abusive.

3

23.   The conduct complained of by Plaintiff did, in fact, make her believe that the conditions of her employment were altered and that the working environment was hostile and abusive due to discrimination based on her sexual orientation.

24.   The willful and deliberate discriminatory acts of Defendants were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against Defendants.

25.   The willful participation of Defendant employer's upper management justifies the imposition of liability upon the Defendants.

26.   Defendant Saunders aided and abetted the employer in discriminating against the Plaintiff and therefore is individually liable and create vicarious liability for the employer due to her upper management position with the Defendant employer.

27.   By discriminating against Plaintiff based on her sexual orientation, the Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

28.   Defendants' acts were performed with malice and a reckless indifference to Plaintiff's protected rights.

29.   As a result of Defendants' intentional and outrageous actions toward Plaintiff, as detailed in the previous paragraphs of this Complaint, Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

   **WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages including damages for emotional distress, loss of reputation, back pay, front pay, consequential damages, punitive damages, pre- and post-

4

judgment interest, reinstatement, enhancement for tax consequences, reasonable attorneys' fees

enhanced under the NJLAD, costs of suit, and any other relief this Court deems just.

## COUNT TWO
**VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12(d) - RETALIATION FOR COMPLAINING ABOUT DISCRIMINATION AND UNLAWFUL TERMINATION**

30.     Plaintiff repeats, reiterates, and incorporates by reference each and every allegation

contained in the previous paragraphs of this Complaint as if fully set forth herein.

31.     Plaintiff opposed Defendants' discriminatory actions and complained multiple times

about the mistreatment toward her.

32.     On or about November 9, 2018, Plaintiff called out for two days of work. Plaintiff

followed all proper protocol in calling out for the two days she missed.

33.     On or about November 20, 2018, Plaintiff once again met with Mr. Forand and Ms.

Traum.

34.     During this meeting, Plaintiff was advised that she was terminated due to accumulation of

points and improper callouts.

35.     Defendant Ardagh's policy is that 10 points leads to termination. Plaintiff had not

accrued 10 points.

36.     Defendant Childers lied to Mr. Forand and Ms. Traum in stating that Plaintiff was a no-

call no-show or that she improperly called out.

37.     During this meeting, Plaintiff was told that Defendants were in possession of the

voicemail that allegedly contained the improper call-out. When Plaintiff requested the

voicemail be played, Mr. Forand and Ms. Traum refused to play it.

38. Plaintiff would not have been terminated but for Defendant Childers' intentionally false reports to upper management. Defendant Childers made these false reports due to Plaintiff's sexual orientation.

39. Plaintiff would not have been terminated but for her complaints to Mr. Forand and Ms. Traum regarding discrimination and harassment due to her sexual orientation.

40. By retaliating against Plaintiff based on her sexual orientation and complaints of discrimination and harassment due to sexual orientation, the Defendants violated the New Jersey Law Against Discrimination. N.J.S.A. 10:5-1(d).

41. By retaliating against Plaintiff based on statements that they knew or should have known were motivated by discrimination on the basis of sexual orientation, the Defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1(d).

42. The willful and deliberate discriminatory acts of Defendants were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against Defendant.

43. The willful participation of Defendant Employer's upper management justifies the imposition of liability upon the Defendants.

44. At the time that Defendant employer relied upon Defendant Childers' untruthful allegations against Plaintiff, Defendant employer knew that Defendant Childers was the subject of multiple complaints of discrimination and harassment made by Plaintiff.

45. Defendant Saunders aided and abetted the employer in retaliating against the Plaintiff and therefore is individually liable and create vicarious liability for the employer due to her upper management position with the Defendant employer.

6

46.   Defendants' acts were performed with malice and a reckless indifference to the Plaintiff's protected rights.

47.   As a result of Defendants' intentional and outrageous actions toward Plaintiff, as detailed in the previous paragraphs of this Complaint, Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages including damages for emotional distress, loss of reputation, back pay, front pay, consequential damages, punitive damages, pre- and post-judgment interest, reinstatement, enhancement for tax consequences, reasonable attorneys' fees enhanced under the NJLAD, costs of suit, and any other relief this Court deems just.

## COUNT THREE
### VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12(d) - DISCRIMINATION AND UNLAWFUL TERMINATION ON THE BASIS OF DISABILITY

48.   Plaintiff repeats, reiterates, and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

49.   On or about November 20, 2018, Plaintiff met with Mr. Forand and Ms. Traum.

50.   During this meeting, Plaintiff was advised that she was terminated due to accumulation of points and improper callouts.

51.   On or about November 9, 2018, Plaintiff had called out for two days of work. Plaintiff followed all proper protocol in calling out for the two days she missed.

52.   Plaintiff missed work on those two days due to a stomach virus. The virus caused Plaintiff to go to the hospital.

53.    A stomach virus qualifies as a disability under the New Jersey Law Against Discrimination.

54.    Plaintiff would not have been terminated but for her disability.

55.    By retaliating against Plaintiff based on her disability, the Defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1(d).

56.    The willful and deliberate discriminatory acts of Defendants were outrageous and beyond all bounds of human decency, justifying the imposition of punitive damages against Defendant.

57.    The willful participation of Defendant Employer's upper management justifies the imposition of liability upon the Defendants.

58.    Defendants' acts were performed with malice and a reckless indifference to the Plaintiff's protected rights.

59.    As a result of Defendants' intentional and outrageous actions toward Plaintiff, as detailed in the previous paragraphs of this Complaint, Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly, severally and alternatively, for compensatory damages including damages for emotional distress, loss of reputation, back pay, front pay, consequential damages, punitive damages, pre- and post-judgment interest, reinstatement, enhancement for tax consequences, reasonable attorneys' fees enhanced under the NJLAD, costs of suit, and any other relief this Court deems just.

8

## COUNT FOUR
### JOHN DOES

60.    Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation contained in the previous paragraphs and Counts as if fully set forth herein.

61.    Although Plaintiff believes that the acts complained of were performed or caused by the named Defendants, Plaintiff cannot be certain that the named Defendants are the only person(s) or entity(ies) liable for the acts complained of as set forth herein.  Therefore, Plaintiff has named John Does 1 - 10, fictitious persons or legal entities as Defendant(s) to this action.

62.    As such, the terms "Defendant" or "Defendants" as used in all of the above Counts and paragraphs should therefore be defined and read as "Defendant(s) and/or John Doe(s)".

   **WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally, and alternatively, for compensatory damages, including financial damages, damages for emotional distress, loss of reputation, consequential damages, punitive damages, statutory damages, enhancement for tax consequences, pre- and post-judgment interest, back pay, front pay or reinstatement, costs of suit and any other relief this Court deems just

### JURY DEMAND

   The Plaintiffs demand trial by jury as to all of the triable issues of this complaint pursuant to R. 1:8-2(b) and R. 4:35-1(a).

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

   PURSUANT to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all of part of all of a judgment which may be

9

entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DESIGNATION OF TRIAL COUNSEL

PURSUANT to the provisions of R. 4:25-4 and  R. 4:5-1(c), the Court is advised that Alan H. Schorr, Esquire, is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER ACTIONS

PURSUANT to R. 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief.  Also, to the best of our belief, no other action or arbitration proceeding is contemplated.  Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## NOTICE OF PRESERVATION AND NON-DESTRUCTION OF EVIDENCE

Please be advised that, along with this Complaint, the Defendant(s) are being served with a separate Notice regarding preservation and non-destruction of evidence. That Notice is hereby incorporated in this Complaint as if fully stated herein.

10

**Schorr & Associates, P.C.**
*Attorneys for the Plaintiff*

_____
**Adam L. Schorr, Esq.**

DATED: July 31, 2020

11

# EXHIBIT B

SHANIECE MORRIS

                                                    Plaintiff

                          vs

ARDAGH GLASS PACKAGING, INC., ET AL

                                                    Defendant

20200814105844

Superior Court Of New Jersey

CUMBERLAND Venue

Docket Number: CUM L 491 20

**Person to be served** (Name and Address):
ARDAGH GLASS PACKAGING, INC.
443 SOUTH EAST AVENUE
BRIDGETON NJ 08302
**By serving:** PETER LEONE, R.A.

**Attorney:** ADAM L. SCHORR, ESQ.

**Papers Served:** LETTER, SUMMONS AND COMPLAINT, CIS, TRACK
ASSIGNMENT NOTICE, DEMAND, CERTIFICATION, NOTICE, FIRST SET OF
INTERROGATORIES, SCHEDULE, FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS, DEPOSITION NOTICE

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

LINDSAY TRAUM _____

RISK MANAGEMENT _____

**Service Data:**     [X] Served Successfully        [ ] Not Served

Date/Time:     8/20/2020 2:44 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX:F__   AGE:21-35   HEIGHT:5'9"-6'0"___   WEIGHT: 131-160 LBS.___   SKIN:WHITE____   HAIR:BLONDE___   OTHER:GLASSES_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                           Date/Time: _____
                           Date/Time: _____

COPY

Other:

**Served Data:**
Subscribed and Sworn to me this
_____ 25 day of _____ 20 20
Notary Signature: _____
JACQUELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Name of Notary Expires Dec 15, 2020
Commission Expiration

I, BLAKE DUVA
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

_____        8 / 25 20 20
Signature of Process Server        Date

Name of Private Server: BLAKE DUVA  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT C

K. Clark Whitney – 033142005
Katheryn Eisenmann – 027142011
**OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800
(215) 995-2801 (Fax)
Attorneys for Defendant
Ardagh Glass Inc.

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHANIECE MORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. _____ |
| **v.** ) | |
| ) | |
| **ARDAGH GLASS PACKAGING, INC.** ) | |
| **SAUNDRA CHILDERS, AND JOHN** ) | |
| **DOES 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

### DECLARATION OF LINDSAY TRAUM

I, Lindsay Traum, hereby state and declare that:

1. I am employed by Ardagh Glass Inc. as a Human Resources Manager.

2. Ardagh Glass Inc. is incorporated in the State of Delaware.

3. Ardagh Glass Inc.'s headquarters/principal place of business is located in Indianapolis, Indiana.

4. Ardagh Glass Inc. is the former employer of Shaniece Morris.

5.    Ardagh Glass Inc. was served with a copy of Plaintiff Shaniece Morris's Complaint on August 20, 2020.

6.    Co-Defendant Saundra Childers is a former employee of Ardagh Glass Inc.

7.    Ms. Childers ceased her employment with Ardagh Glass Inc. on September 17, 2019. Ms. Childers relocated to Georgia with her family.

8.    Based on the information available to Ardagh Glass, Inc., Ms. Childers' last known address is in Jonesboro, GA.


I am competent to testify as to the matters stated in this Declaration.  I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September __17__, 2020.


_____
Lindsay Traum

44259561.1

EXHIBIT D

**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
K. Clark Whitney – Attorney I.D. 033142005
Katheryn Eisenmann – Attorney I.D. 027142011
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Direct:  (215) 995-2815
(215) 995-2801 (Fax)
*Attorneys for Defendant Ardagh Glass Inc.*

-------------------------------------------------

| | |
|---|---|
| SHANIECE MORRIS, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION:  CUMBERLAND COUNTY |
| | DOCKET NO.: CUM L-491-20 |
| v. | **DEFENDANT'S NOTICE OF FILING A** |
| ARDAGH GLASS PACKAGING INC., SAUNDRA CHILDERS AND JOHN DOES 1-10, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| Defendants. | |

-------------------------------------------------

TO THE CLERK OF THE SUPERIOR COURT OF NEW JERSEY,
CUMBERLAND COUNTY, LAW DIVISION:

PLEASE TAKE NOTICE that, on September 18, 2020, pursuant to 28 U.S.C. §§ 1441

and 1446, Defendant Ardagh Glass Inc.[1] ("Defendant") filed a Notice of Removal in the United

States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446(a) ("Notice of

Removal").  A true and correct copy of that Notice of Removal is attached hereto as **Exhibit 1**.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of that Notice

of Removal, together with the filing of the attached Notice of Removal with this Court, effects

---

[1] The named Defendant, Ardagh Glass Packaging, Inc., is not an active entity. At all times
relevant to Plaintiff's Complaint, Ardagh Glass Inc. is the employed Shaniece Morris and is
therefore the proper Defendant in this matter.

the removal of this action, and this Court may proceed no further unless and until the case is

remanded by the federal court.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

*/s/ K. Clark Whitney*
K. Clark Whitney, Esquire
Email: clark.whitney@ogletreedeakins.com
*Attorneys for Defendant Ardagh Glass Inc.*

**OGLETREE, DEAKINS, NASH**
**SMOAK & STEWART, P.C.**
K. Clark Whitney – Attorney I.D. 033142005
Katheryn Eisenmann – Attorney I.D. 027142011
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(215) 995-2800
(215) 995-2801 (Fax)
*Attorneys for Defendant Ardagh Glass, Inc.*

| | |
|---|---|
| SHANIECE MORRIS,<br><br>                    Plaintiff,<br><br>v.<br><br>ARDAGH GLASS PACKAGING INC.,<br>SAUNDRA CHILDERS AND JOHN DOES<br>1-10,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  CUMBERLAND<br>COUNTY<br>DOCKET NO.: CUM L-491-20<br><br>**CERTIFICATE OF<br>SERVICE** |

I hereby certify that on this 18th day of September, 2020, a true and correct copy of the foregoing Defendant's Notice of Filing a Notice of Removal to Federal Court was served by electronic filing and first class mail, postage prepaid, on the attorney for Plaintiff at the following address:

Adam L. Schorr, Esq.
Schorr & Associates, P.C.
5 Split Rock Drive
Cherry Hill, New Jersey 08003

*/s/ K. Clark Whitney*
K. Clark Whitney